IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EYSTAD,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant.<br>_____ / | No. C 12-00923 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    The parties have filed cross-motions for summary judgment in this Social Security appeal. Based upon the Court's review of the parties' papers and the administrative record, the Court hereby DENIES plaintiff's motion for summary judgment and GRANTS defendant's motion for summary judgment. In so ruling, the Court makes no determination as to whether plaintiff is *currently* entitled to Supplemental Security Income disability benefits ("SSI benefits"), but only holds that the ALJ properly determined that at the time he issued his October 2010 decision, (1) plaintiff was not eligible to receive SSI benefits because he held excess resources, and (2) plaintiff was overpaid SSI benefits due to his excess resources.

**BACKGROUND**

    Plaintiff Joseph D. Eystad II began receiving SSI benefits under Title XVI of the Social Security Act in October 2004. Administrative Record ("AR") 9. On September 29, 2009, the Social Security Administration ("Agency") issued a notice informing plaintiff that he was overpaid $25,418 of SSI

1 benefits from July 1, 2007 to October 1, 2009 because he had countable resources in excess of the $2000
2 resource limit for recipients of SSI.[1] *Id.* The Agency stated in its notice to plaintiff that the excess
3 resources consisted of bank accounts in plaintiff's name with a cumulative balance of approximately
4 $165,000, and that if plaintiff disagreed with the decision he was entitled to seek a waiver or to appeal
5 the decision. *Id.* On October 1, 2009, the Agency issued an additional notice informing plaintiff that
6 because he held bank accounts in his name that contained excess resources dating back to July 2007,
7 plaintiff would no longer receive SSI payments starting in November 2009. AR 71-81. On November
8 24, 2009, plaintiff filed a request for reconsideration with the Agency, disputing the facts regarding
9 eligibility and the overpayment related to the excess resources. *Id.* The Agency denied plaintiff's
10 request on February 25, 2010, noting that plaintiff alleged, without proof, that the excess resources from
11 the bank accounts did not belong to him. Thereafter, plaintiff filed a written request on April 19, 2010
12 for a hearing before an Administrative Law Judge ("ALJ"). *Id.*

13 On September 23, 2010, the ALJ held a hearing, where plaintiff appeared without representation.
14 *Id.* at 85-102. The ALJ informed plaintiff of his right to a representative and asked him if he wanted
15 time to obtain one, but plaintiff elected to proceed with the hearing unrepresented. *Id.* at 88. The ALJ
16 issued a decision on October 19, 2010, finding that (1) plaintiff was not eligible for SSI benefits because
17 he had countable resources that exceeded the statutory $2000 resource limit, and (2) plaintiff was liable
18 for the overpayment of $25,418 due to excess resources.[2] AR 13. In so finding, the ALJ relied on
19 evidence that plaintiff had multiple bank accounts solely in his name or Social Security number that
20 together totaled approximately $165,000. AR 11. At the hearing, plaintiff testified that approximately
21 $160,000 of the money in the bank accounts in his name belonged to his father and was deposited at his
22 father's request. AR 11. Plaintiff testified that he was not aware of the reason his father made this

---

[1] The Agency also issued a notice on August 29, 2009, informing plaintiff that he was overpaid $1,035 of SSI benefits in June 2007 due to unreported income. AR 9, 60. Plaintiff did not seek reconsideration on this issue, and the ALJ did not address it in his October 2010 decision. Therefore, the issue is not before the Court.

[2] Because there was no documentary evidence that plaintiff had ever requested a waiver of the recovery of the overpayment, the ALJ made no finding as to whether plaintiff was at fault for causing the overpayment. AR 10, 12. If plaintiff alleges that he is without fault in causing the overpayment, he may file a waiver request at any time with the Modernized Supplemental Security Income Claims System ("MSSICS"). *See* Program Operation Manual System ("POMS") SI 02260.001; 20 C.F.R. § 416.552.

1 request, and indeed conceded that he told his father that depositing the money would probably get him
2 into trouble, but he did it anyway. *Id.* The ALJ also noted that plaintiff testified that, on the advice of
3 the Agency, plaintiff withdrew approximately $140,000 from the bank accounts and returned it to his
4 father, and closed all bank accounts in his name.[3]

5 The ALJ found that the record contained no evidence that plaintiff had submitted any
6 documentation to the Agency in 2007, 2008, or the first half of 2009 regarding the ownership of the
7 money in the bank accounts in his name. *Id.* The ALJ noted that the first evidence of ownership
8 submitted to the Agency was an August 30, 2009 handwritten note that plaintiff testified was written
9 by plaintiff's father purporting to claim ownership of all the money in the bank accounts in plaintiff's
10 name. *Id.*; *see also* AR 14. The ALJ, however, discredited this note as unreliable: It was written around
11 the same time in 2009 when plaintiff was initially notified of overpayments; it was neither made under
12 penalty of perjury nor in the presence of witnesses who also signed the document; plaintiff's father
13 provided no contact information where he could be reached; the record contained no corroborating
14 documentation, such as bank statements; plaintiff gave evasive and vague testimony regarding his
15 father, his father's whereabouts, and his father's occupation; plaintiff's testimony that the bank accounts
16 were opened after only a brief interaction with his father, and that plaintiff had had very little subsequent
17 interaction with his father, was contradicted by multiple documents showing a fair amount of account
18 activity; and finally, that multiple documents purportedly signed by plaintiff had varied signature styles.
19 AR 12. Finally, the ALJ found that there was no evidence in the record that the accounts at issue were
20 ever closed or that plaintiff's name was removed from them. *Id.* Together, this evidence persuaded the
21 ALJ that the bank accounts belonged to plaintiff, that the money held in the accounts was controlled by
22 plaintiff, and that therefore plaintiff's bank accounts qualified as resources in excess of the $2000 limit
23 required to receive SSI.

24 Plaintiff sought review of the ALJ's decision, which the Appeals Council denied. AR 2-5.
25 Plaintiff subsequently filed a *pro se* complaint with this Court on February 24, 2012, seeking judicial

---

[3] According to plaintiff, his father had spent approximately $20,000 of the original $160,000 by the time plaintiff went to withdraw the full sum of money.

3

United States District Court
For the Northern District of California

review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). Both parties have moved for summary judgment.

## STANDARD OF REVIEW

A district court's review of the Commissioner's determination is limited, and a final administrative decision may be altered only if it is not supported by substantial evidence or if it is based on legal error. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005) (citation and internal quotation omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990). The Court must consider the entire record, including evidence that both supports and detracts from the ALJ's decision. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). But where evidence is "susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)).

## DISCUSSION

Plaintiff moves for summary judgment, seeking a determination that he is eligible for SSI benefits and a reversal of the ALJ's determination of overpayment. Plaintiff maintains the same argument he stressed throughout the proceeding before the ALJ, that the approximately $165,000 in the bank accounts in his name did not belong to him and that he spent none of it. Defendant also moves for summary judgment, arguing that the ALJ properly determined that plaintiff received an overpayment and that he was not eligible for SSI benefits. For the reasons described below, the Court concludes that there was substantial evidence to support the ALJ's determination that at the time of the ALJ's decision plaintiff had received an overpayment, and that he was not eligible for SSI benefits.

### I. Overpayment

Where an individual has been overpaid benefits under Title XVI, the Agency will seek an adjustment or recovery of benefits. 20 C.F.R. § 416.535. An "overpayment" means a "payment of more than the amount due for any period, including any amounts of State Supplementary payments which are due and administered by the [Agency]." 20 C.F.R. § 416.537(a). The ALJ determined that plaintiff was overpaid $25,418 during the period between July 2007 and October 2009.

An individual is not eligible for SSI benefits, and thus can said to have been overpaid, if he has "resources" exceeding $2000. *See* 20 C.F.R. § 416.1205. Therefore, in order to determine whether the ALJ properly found that plaintiff was overpaid, the only issue the Court needs to address is whether plaintiff had countable resources that exceeded the $2000 regulatory limit between July 2007 and October 2009.

"Resources" means cash or other liquid assets or any real or personal property that an individual owns and could convert to cash to be used for his or her support and maintenance. 20 C.F.R. § 416.1201(a). If an individual has the "right, authority, or power to liquidate the property or his or her share of the property, it is considered a resource." 20 C.F.R. § 416.1201(a)(1). When an individual holds funds in a financial institution account, these funds constitute "an individual's resource if the individual owns the account and can use the funds for his or her support and maintenance." 20 C.F.R. § 416.1208(a). The Agency determines "whether an individual owns the account and can use the funds for his or her support and maintenance by looking at how the individual holds the account, . . . [which] is reflected in the way the account is titled." *Id.* "If an individual is designated as the sole owner of the account by the account title," which the record reflects here, "and can withdraw funds and use them for his or her support and maintenance, all of the funds, regardless of their source, are that individual's resource." 20 C.F.R. § 416.1208(b); *see also* POMS SI 01140.200A2. As long as these conditions are met, there is a non-rebuttable presumption that the individual owns all of the funds in the account. *Id.; see also* POMS SI 01140.200.

The Court concludes that the ALJ relied on substantial evidence in determining that plaintiff held countable resources in excess of the $2000 limit between July 2007 and October 2009, and that he was therefore overpaid SSI benefits during that period. In response to the ALJ's question: "So if I'm

5

understanding this correctly, you're not disputing the fact that you did have excess resources, at least technically, in your name, correct?", plaintiff responded "Yes, sir. Yes, sir." *See* AR 94. In issuing his decision, the ALJ relied on the evidence that plaintiff had multiple bank accounts exclusively in his name, and under his Social Security number, and not in his father's name or his father's Social Security number. AR 11, 15-27. These bank accounts qualify as "resources" within the meaning of the law, and held funds far in excess of the $2000 limit without legal restrictions on plaintiff's ability to access the funds. The ALJ noted that while plaintiff asserted that the few interactions he had with his father regarding his father's request that plaintiff open the accounts were brief, the evidence contained bank records showing "a fair amount of account activity" in 2006 and 2007. *See* AR 12, 17-27, 90, 92.

The only documentary evidence plaintiff submitted to the ALJ to support his contention that the money did not belong to him was a handwritten note, purportedly written by plaintiff's father, stating "all monies in question from Bank of America in my son's account were all mine. I have possession of said monies." The ALJ found that the note was unreliable, because it was written around the same time in 2009 that the Agency notified plaintiff of overpayment, there was no documentation to corroborate what it said, it was not signed in the presence of any witnesses or under penalty of perjury, and plaintiff's testimony regarding his father and his whereabouts was evasive. AR 12. Additionally, even if the Court were to find the note reliable, the funds still constituted resources belonging to plaintiff under 20 C.F.R. § 416.1208 because plaintiff had control over the accounts.

The Court concludes that the ALJ relied on substantial evidence in finding that plaintiff controlled resources in excess of the $2000 limit and was accordingly overpaid SSI benefits between July 2007 and October 2009.

## II. Eligibility to Receive SSI Benefits

Plaintiff seeks reinstatement of his SSI payments. *See* Pl.'s Mot. Summ. J. (Dkt. 21-1), at 1. The Court, however, may only review the ALJ's determination that plaintiff was not eligible to receive SSI benefits at the time of the ALJ's October 2010 decision. Therefore, the Court makes no finding as to whether plaintiff is *currently* entitled to reinstatement of his SSI benefits.

United States District Court
For the Northern District of California

A claimant is not eligible for SSI benefits if he has resources exceeding $2000. 20 C.F.R. § 416.1205. After reviewing the record at the time the ALJ issued his October 2010 decision, the Court finds that the ALJ properly determined that the record contained no reliable evidence that plaintiff had closed the bank accounts in his name that contained excess resources, had removed his designation as the owner of the accounts or had returned the funds to his father, or that the accounts contained a balance that no longer exceeded the $2000 regulatory limit. AR 12.[4] Accordingly, the Court concludes that the ALJ properly determined that as of October 19, 2010, plaintiff was not entitled to SSI benefits.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment and GRANTS defendant's motion for summary judgment. Dkt. Nos. 21, 25. As noted at the beginning of this order, this Court makes no determination as to whether plaintiff is *currently* entitled to Supplemental Security Income disability benefits.

**IT IS SO ORDERED.**

Dated: April 2, 2013

SUSAN ILLSTON
United States District Judge

---

[4] In support of his motion for summary judgment, plaintiff has attached two pieces of evidence, both dated after the ALJ's October 2010 decision. First, plaintiff has attached a letter from Bank of America confirming that as of June 2011 plaintiff held no active or open accounts in his name. *See* Pl.'s Mot. Summ. J. (Dkt. 21-1), at 2. Second, plaintiff has attached a "Customer Relationship Inquiry" showing that his Bank of America Gold ATM card is blocked and has not been used since September 2008. *Id.* at 3.

This evidence was not presented to the ALJ, and the Court is only permitted to review the propriety of the ALJ's decision in light of the evidence presented to the ALJ, absent a showing that "there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record" in the prior proceeding. *See* 42 U.S.C. § 405(g). Plaintiff has not presented a sufficient justification for failing to submit this kind of evidence to the ALJ.

Further, the evidence merely shows that plaintiff had no bank accounts in his name at Bank of America as of June 2011; it does not show that plaintiff held no accounts in his name at the time the ALJ issued his decision in October 2010. Therefore the evidence provides no basis from which the Court could find that the ALJ erred in determining that plaintiff was not entitled to SSI benefits during the prior time frame (2007 - 2009). This Court makes no finding as to whether plaintiff currently holds any funds of any kind, or is otherwise now entitled to benefits.

7